IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHAMAN POPLI,<br>  Plaintiff, | :<br>:<br>: |
| v. | : Civ. No. 17-337 |
| AIR INDIA AIRLINE,<br>  Defendant. | :<br>:<br>:<br>: |

**Diamond, J.** May 5, 2017

# M E M O R A N D U M

In this tort action, Defendant Air India Limited moves to dismiss for lack of jurisdiction. *Pro se* Plaintiff Chaman Popli cross-moves to transfer to the District of New Jersey. Because Air India is protected by sovereign immunity, I will dismiss.

## I. Background

On March 9, 2016, while waiting for his flight in Air India's first-class lounge in Delhi, India, Plaintiff purchased food. (Compl., Doc. No. 1, Ex. A, at 4.) As alleged, the food was infested with live worms and bugs, causing Plaintiff immediately to vomit. (Id.) Plaintiff felt nauseated throughout the Air India flight to New York City, but never received assistance from the flight attendants. (Id.)

On December 28, 2016, Plaintiff brought suit in Bucks County Magisterial District Court, seeking $11,500 in damages. (Id. at 3.) Invoking the Foreign Sovereign Immunities Act, Air India removed to this Court on January 24, 2017. (Doc. No. 1, ¶¶ 4-5); 28 U.S.C. § 1330(a).

Air India has moved to dismiss for want of personal jurisdiction, arguing that it is not registered to do business in Pennsylvania and does not operate any business in the Commonwealth. (Doc. No. 10.) Rather than respond, Plaintiff cross-moved to transfer to the New Jersey District Court. (Doc. Nos. 12, 14.) Air India argues that transfer would be pointless

because: 1) the New Jersey Court could not exercise personal jurisdiction; and 2) under the FSIA, the airline is immune from suit. (Doc. No. 15.)

## II. Legal Standards

### Personal Jurisdiction

Although Plaintiff has declined to address personal jurisdiction, I am obligated to do so. "Under Federal Rule of Civil Procedure 4(k), a District Court typically exercises personal jurisdiction according to the law of the state where it sits." O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 316 (3d Cir. 2007). Pennsylvania's long-arm statute permits the exercise of jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. C.S. § 5322(b). "Accordingly, in determining whether personal jurisdiction exists, [I] ask whether, under the Due Process Clause, the defendant has 'certain minimum contacts with Pennsylvania such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316-17 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

"'The burden of demonstrating the facts that establish personal jurisdiction' falls on the plaintiff." Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002)). "'[O]nce a defendant has raised a jurisdictional defense,' the plaintiff must 'prove by affidavits or other competent evidence that jurisdiction is proper.'" Id. (quoting Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996)).

### Transfer

"[W]hen a district court finds that it is lacking jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . ." D'Jamoos ex rel. Estate of

Weingeroff v. Pilatus Aircraft Ltd., 566 F.3d 94, 106-07 (3d Cir. 2009) (quoting 28 U.S.C. § 1631). "Transfer is preferred over dismissal, so [the Court should] decline to transfer the case only if [it] find[s] transfer to not be in the interest of justice." Campbell v. Mars, Inc., No. 16-4035, 2016 WL 6901970, at *3 (E.D. Pa. Nov. 22, 2016) (citing Matthews v. Am.'s Pizza Co., LLC, No. 13-690, 2014 WL 1407764, at *2 (E.D. Pa. Apr. 10, 2014)). "An action can be brought only where the court has . . . jurisdiction over the defendant, and thus a court does not have authority to transfer a case" to a court that lacks jurisdiction. Pac. Emps. Ins. Co. v. AXA Belgium S.A., 785 F. Supp. 2d 457, 475 (E.D. Pa. 2011) (citing Hunt v. Global Incentive & Meeting Mgmt., No. 09-4921, 2010 WL 3740808 at *8 (D.N.J. Sept. 20, 2010)).

Immunity

"The FSIA provides the exclusive source of potential subject matter jurisdiction over claims in United States courts against foreign states and their agencies or instrumentalities," which have "presumptive immunity from suits in federal courts, absent a demonstration by the plaintiff that the claim falls within a statutory exception to immunity." Ezeiruaku v. Bull, 617 F. App'x 179, 180-81 (3d Cir. 2015) (citing 28 U.S.C. § 1604). Once the defendant makes a prima facie showing that it is an instrumentality protected by immunity, the "burden shifts to the plaintiff to produce sufficient evidence demonstrating the application of one of the statutory exceptions to immunity." Id. (citing Fed. Ins. Co. v. Richard I. Rubin & Co., 12 F.3d 1270, 1286 (3d Cir. 1993)).

### III. Discussion

#### A. *Jurisdiction in Pennsylvania*

It is not surprising that Plaintiff has not responded to Air India's personal jurisdiction contentions: it is apparent that this Court has no jurisdiction over the airline.

Air India is neither registered nor qualified to do business in Pennsylvania. (1st Sharma

3

Aff., Doc. No. 10-2, ¶ 13.) It does not operate flights, hold offices, employ workers, seek or solicit customers, incur or pay taxes, or own any assets in the Commonwealth. (Id. ¶¶ 14-19.) It has not appointed an agent for service of process in Pennsylvania and has not otherwise consented to jurisdiction in Pennsylvania. (Id. ¶¶ 20-21.) The airline plainly lacks contacts that are sufficiently "continuous and systematic" to render it subject to general jurisdiction in Pennsylvania. Goodyear Dunlop Tires Opers., S.A. v. Brown, 564 U.S. 915, 919 (2011); Chavez v. Dole Food Co., Inc., 836 F.3d 205, 223 (3d Cir. 2016). Specific jurisdiction does not lie because the instant dispute does not "arise out of or relate to" any of Air India's (nonexistent) activities in Pennsylvania: it arises from the airline's sale of contaminated food to Plaintiff in India. D'Jamoos, 566 F.3d at 102 (quoting Helicopteros Nacionales de Cololmbia, S.A. v. Hall, 466 U.S. 408, 414 (1984)).

Given the absence of personal jurisdiction, in more usual circumstances, I would simply grant Air India's Motion and dismiss. In light of Plaintiff's request to transfer, however, I am obligated to consider whether, as the airline contends, transfer would be pointless because the New Jersey District Court also lacks personal jurisdiction over Air India, which is, in any event, immune from suit.

  B. *Immunity*

Plaintiff does not dispute that Air India is a corporation organized under the laws of India, with its principal place of business in India, and is owned entirely and directly by the Indian Government. (1st Sharma Aff. ¶¶ 10-12.) The airline thus qualifies as an "agency or instrumentality of a foreign state." 28 U.S.C. § 1603(b); Dole Food Co. v. Patrickson, 538 U.S. 468, 477 (2003) ("A corporation is an instrumentality of a foreign state under the FSIA only if the foreign state itself owns a majority of the corporation's shares."). In these circumstances, Air India is presumptively cloaked with immunity. 28 U.S.C. § 1604; Ezeiruaku, 617 F. App'x at

4

180.

Plaintiff has not remotely shown that his suit falls within one of the immunity exceptions. The only exception that could conceivably apply—the commercial activity exception—is inapplicable here. Immunity will not attach when an

> action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States.

28 U.S.C. § 1605(a)(2). Although Air India operates flights, maintains offices, and pays taxes in the United States, none of the commercial activity exception's three clauses applies here. (See 2d Sharma Aff., Doc. No. 15, ¶¶ 11-16.)

The exception's first clause is inapplicable because Plaintiff's claim is not "based upon a commercial activity carried on in the United States." 28 U.S.C. § 1605(a)(2). The Supreme Court has explained that "an action is 'based upon' the 'particular conduct' that constitutes the 'gravamen' of the suit." OBB Personenverkehr AG v. Sachs, 136 S. Ct. 390, 396 (2015) (quoting Saudi Arabia v. Nelson, 507 U.S. 349, 357 (1993)). In Sachs, the plaintiff was injured while in Austria boarding a train operated by that country's state-owned railroad. Id. at 393. Implicitly rejecting contrary lower court reasoning, the Supreme Court ruled that the plaintiff's tort suit was not "based upon" the defendant railroad's commercial activity in the United States—the railroad's sale of the ticket—because the "conduct constituting the gravamen of [the plaintiff's] suit plainly occurred" in Austria. Id. at 394-96; compare Kirkham v. Societe Air France, 429 F.3d 288 (D.C. Cir. 2005); Barkanic v. Gen. Admin. Of Civil Aviation, 822 F.2d 11 (2d Cir. 1987); Sugarman v. Aeromexico, Inc., 626 F.2d 270 (3d Cir. 1980).

As in Sachs, Plaintiff's claim here is based on "commercial activity" that occurred

abroad—the purchase of contaminated food at the Delhi airport—thus rendering the exception's first clause inapplicable. See Sachs, 136 S. Ct. at 396.

The Sachs Court's definition of "based upon"—a phrase that appears in all three clauses of the commercial activity exception—demonstrates that the second and third clauses are also inapplicable here. See 28 U.S.C. § 1605(a)(2). Plaintiff's claim is not "based . . . upon an act performed in the United States." 28 U.S.C. § 1605(a)(2). Rather, Plaintiff bases his claim on the sale of the purportedly infested food—an act that occurred in India. See Rogers v. Petroleo Brasileiro, S.A., 673 F.3d 131, 137 (2d Cir. 2012) ("A threshold requirement [for application of the second clause] is that the relevant act was performed in the United States.").

Because Air India's sale of contaminated food caused Plaintiff to suffer injuries (nausea and vomiting) in India before takeoff, the exception's third clause is also inapplicable: the airline's purportedly wrongful act did not "cause[] a direct effect in the United States." 28 U.S.C. § 1605(a)(2). The Second Circuit has well-explained the uniform rejection of any contrary suggestion:

> [A]ll courts that have considered a claim for *personal injuries* sustained in a foreign state when the plaintiff asserted that the 'direct effect in the United States' was the continued physical suffering and consequential damages that persisted once the plaintiff returned [have rejected that claim.]

Martin v. Rep. of S. Africa, 836 F.2d 91, 94-95 (2d Cir. 1987) (emphasis in original) (collecting cases).

That Plaintiff still felt sick upon arriving in New York thus does not bring this case within the exception's third clause. See Princz v. Fed. Rep. of Germany, 26 F.3d 1166, 1173 (D.C. Cir. 1994) ("The lingering effects of a personal injury suffered overseas cannot be sufficient to satisfy the direct effect requirements of the FSIA."); Zernicek v. Broown & Root, Inc., 826 F.2d 415, 416 (5th Cir. 1987) (third clause of commercial activity exception

6

inapplicable where plaintiff sought to recover for injuries sustained from effects of radiation exposure in Mexico); Sudano v. Fed. Airports Corp., 699 F. Supp. 824, 825 (D. Haw. 1988) (exception's third clause did not apply to suit arising from slip and fall incident at the Sydney airport); Upton v. Empire of Iran, 459 F. Supp. 264, 266 (D.D.C. 1978), aff'd 607 F.2d 494 (D.C. Cir. 1979) (third clause did not apply to suit arising from injuries caused by roof collapse at the Tehran airport); see also Tucker v. Whitaker Travel, ltd., 620 F. Supp. 578, 584-85 (E.D. Pa. 1985), aff'd 800 F.2d 1140 (3d Cir. 1986) (third clause did not apply where the plaintiff sustained injuries while horseback riding in Bahamas even though he first experienced symptoms in the United States; the symptoms were "indirect consequences of the accident").

C. *Immunity Waiver*

The FSIA provides that "[a] foreign state shall not be immune . . . in any case in which the foreign state has waived its immunity either explicitly or by implication.'" 28 U.S.C. § 1605(a)(1). Air India has "explicitly" urged its entitlement to immunity here. (See 2d Sharma Aff. ¶ 18.) Nor is there any implicit waiver. "Federal courts have been virtually unanimous in holding that the implied waiver provision of Section 1605(a)(1) must be construed narrowly." Shapiro v. Republic of Bolivia, 930 F.2d 1013, 1017 (2d Cir. 1991) (collecting cases); accord Architectural Ingenieria Siglo XXI, LLC v. Dominican Rep., 788 F.3d 1329, 1338 (11th Cir. 2015) ("For purposes of the FSIA, a foreign state expressly waives its right to immunity only where its intent to do so is clear and unambiguous."). The New Jersey District Court has well explained the restricted circumstances in which waiver is implied:

> Implied waiver has generally been limited to three categories: (1) when the foreign state has agreed to arbitration in another country; (2) when a foreign state has agreed that the law of a particular country shall govern a contract; or (3) when a foreign state has filed a responsive pleading in an action without raising the defense of sovereign immunity.

Saudi Basic Indus. Corp. v. Exxon Mobil Corp., 194 F. Supp. 2d 378, 402 (D.N.J. 2002), order

7

vacated in part sub nom. on other grounds. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 364 F.3d 102 (3d Cir. 2004), rev'd and remanded, 544 U.S. 280 (2005) (citing Aquamar, S.A. v. Del Monte Fresh Produce N.A., Inc., 179 F.3d 1279, 1291 n.24 (11th Cir.1999)); accord Shapiro, 930 F.2d at 1017.  None of these circumstances obtains here: Air India has not agreed to arbitrate in the United States, nor has it argued that American law will govern this dispute.  Finally, Air India has asserted a sovereign immunity defense.  (Doc. No. 5.)

Air India acknowledges that it is registered to do business in New Jersey and that it operates daily flights in and out of that State.  (2d Sharma Aff. ¶¶ 11-15.)  This might (or might not) suffice for the District of New Jersey to exercise personal jurisdiction over Air India. Compare Otsuka Pharm. Co .v. Mylan Inc., 106 F. Supp. 3d 456, 470 (D.N.J. 2015) (Defendant's "compliance with the relevant [New Jersey business] registration statute amounted to consent to personal jurisdiction"), with Display Works, LLC v. Bartley, 182 F. Supp. 3d 166, 174 (D.N.J. 2016) (compliance with New Jersey's business registration statute does not amount to consent to personal jurisdiction). As I have explained, however, this is not an implied waiver to sovereign immunity.  Indeed, none of the New Jersey business registration statutes on which Courts have based waiver of personal jurisdiction mentions immunity.  See N.J.S.A. §§ 14A:4-1, 14A:4-2. Finally, ruling that Air India's New Jersey registration alone implicitly waives sovereign immunity would nullify the requirement that any such waiver be "clear and unambiguous."  See Carpenter v. Rep. of Chile, 610 F.3d 776, 779 (2d Cir. 2010).

**IV.   Conclusion**

Having considered Plaintiff's *pro se* submissions liberally, it is nonetheless evident that his suit may not proceed.  This Court is without jurisdiction to hear Plaintiff's claims.  Moreover, given Air India's immunity from suit, it would be pointless to transfer this case.  Accordingly, I will dismiss Plaintiff's Complaint.

An appropriate Order follows.

*/s/ Paul S. Diamond*
_____

May 5, 2017                                                                                           Paul S. Diamond, J.